# Order

Michigan Supreme Court
Lansing, Michigan

May 10, 2019

158198

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

UNITED METHODIST RETIREMENT
COMMUNITIES, INC.,
                Petitioner-Appellant,

v

CITY OF CHELSEA,
                Respondent-Appellee.

_____/

SC:  158198
COA:  337998
MTT:  15-003171-R

On order of the Court, the application for leave to appeal the May 22, 2018 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent from this Court's order denying leave to appeal.  Instead, I would grant leave to appeal to reconsider this Court's holdings in *Mich Baptist Homes & Dev Co v Ann Arbor*, 396 Mich 660 (1976), and *Retirement Homes of the United Methodist Church v Sylvan Twp*, 416 Mich 340 (1982), in light of our more recent holding in *Baruch SLS, Inc v Tittabawassee Twp*, 500 Mich 345 (2017).   More specifically, I would grant to consider whether this Court's holding in *Baruch* logically compels an alternative analysis for determining whether a charitable institution is precluded from receiving a property tax exemption under MCL 211.7o because its property is not "occupied by [it] solely for the purposes for which [it] was incorporated . . . ."  MCL 211.7o(1).

Petitioner United Methodist Retirement Communities seeks a tax exemption under MCL 211.7o for property it owns and operates as a residential retirement facility for senior citizens.  MCL 211.7o(1) provides:

> Real or personal property owned and occupied by a nonprofit charitable institution while occupied by that nonprofit charitable institution solely for the purposes for which that nonprofit charitable institution was incorporated is exempt from the collection of taxes under this act.

The Tax Tribunal denied petitioner an exemption on the grounds that its property was not "occupied by [it] solely for the purposes for which [it] was incorporated," MCL 211.7o(1), and the Court of Appeals affirmed, relying on this Court's decisions in *Mich Baptist* and *Retirement Homes*.  In those cases, this Court denied tax exemptions under

MCL 211.7o to retirement homes on the basis that their properties were not occupied solely for the purposes for which they were incorporated. We reasoned that this requirement was only satisfied if the homes "benefit[ed] the general public without restriction," *Mich Baptist*, 396 Mich at 671; see also *Retirement Homes*, 416 Mich at 349, and that the homes in dispute did not do so because they did not help the elderly population generally, but rather only a subset of relatively less infirm and relatively less financially needy individuals, *Mich Baptist*, 396 Mich at 671-672; *Retirement Homes*, 416 Mich at 349-353.

Petitioner here argues that the Court of Appeals erred by relying on these two cases because their reasoning was effectively rejected in *Baruch*, 500 Mich 345 (2017). In *Baruch*, we addressed one of the six factors that this Court had previously laid out in *Wexford Med Group v City of Cadillac*, 474 Mich 192 (2006), for determining whether an institution is "charitable." As relevant to the instant case, *Wexford* held that the third of these factors is:

> A "charitable institution" does not offer its charity on a discriminatory basis by choosing who, among the group it purports to serve, deserves the services. Rather, a "charitable institution" serves any person who needs the particular type of charity being offered. [*Id*. at 215.]

*Baruch*, however, clarified that this factor only "ban[s] restrictions or conditions on charity that bear no reasonable relationship to an organization's legitimate charitable goals" and further explained that "the 'reasonable relationship' test should be construed quite broadly to prevent unnecessarily limiting the restrictions a charity may choose to place on its services." *Baruch*, 500 Mich at 357-358.

Petitioner contends that *Baruch* overruled *Mich Baptist* and *Retirement Homes*, which denied charitable tax exemptions on the basis of limitations that those institutions placed on those who could receive their services absent consideration of whether there was a reasonable relationship between those limitations and the organizations' legitimate charitable goals. The Court of Appeals rejected this argument, asserting that *Baruch* had exclusively addressed whether an institution was "charitable," whereas *Mich Baptist* and *Retirement Homes* addressed whether a charitable institution "occupied the premises solely for the purposes for which it was incorporated." *United Methodist Retirement Communities, Inc v City of Chelsea*, unpublished per curiam opinion of the Court of Appeals, issued May 22, 2018 (Docket No. 337998), pp 5-6.

I would grant leave to reconsider *Mich Baptist* and *Retirement Homes* in light of *Baruch* for three related reasons.

First, *Wexford* factor three, which this Court interpreted in *Baruch*, was arguably derived from the same two cases (*Mich Baptist* and *Retirement Homes*) that also supply

the standard for determining whether a property is "occupied by that nonprofit charitable institution solely for the purposes for which [it] was incorporated . . . ." MCL 211.7o(1). In *Wexford*, before laying out the factors relevant to determining whether an institution is "charitable," this Court analyzed *Mich Baptist* and *Retirement Homes*. *Wexford*, 474 Mich at 209-212. Indeed, *Wexford* factor three substantially reflects the analysis that we employed in *Mich Baptist* and *Retirement Homes*. If *Wexford* factor three was indeed derived from the same cases that defined the standard for whether a property is "occupied by that nonprofit charitable institution solely for the purposes for which [it] was incorporated," MCL 211.7o(1), then our interpretation of the former in *Baruch* may well be relevant to the interpretation of the latter.

Second, the reasoning that this Court employed in *Mich Baptist* and *Retirement Homes* is strikingly similar to the reasoning that this Court rejected in *Baruch*. *Mich Baptist* and *Retirement Homes* held that in order to be entitled to a tax exemption, a retirement home must serve the elderly population generally "without restriction." *Mich Baptist*, 396 Mich at 671; *Retirement Homes*, 416 Mich at 349. *Baruch* noted the impracticality of such a requirement, remarking that "if an institution cannot serve everyone who could benefit from the service (as most cannot), surely it will have to select its beneficiaries in some manner," *Baruch*, 500 Mich at 355, and thus rejected the conclusion that a charitable institution must "allocate[] its services using an arbitrary metric, such as a lottery or first-come, first-serve," *id*. at 356. This reasoning would seemingly apply equally in the instant context, thereby calling into question our reasoning in *Mich Baptist* and *Retirement Homes*.

Third, in light of the similarities between the analytical approaches set forth in *Mich Baptist* and *Retirement Homes* and that rejected in *Baruch*, the latter would be undermined considerably if the former remained good law, as a charity that would otherwise be exempt under *Baruch* would, far more often than not, still be denied an exemption as a result of the analyses of *Mich Baptist* and *Retirement Homes*. *Baruch* held that institutions are not precluded from receiving a charitable exemption merely because they are governed by standards for determining which persons-- among the general population they purport to serve-- will qualify for their services. See *id*. at 357-358. However, *Mich Baptist* and *Retirement Homes* suggest that no such standards are permitted and that an institution is entitled to an exemption only if it assists "without restriction" the population it purports to serve. *Mich Baptist*, 396 Mich at 671; *Retirement Homes*, 416 Mich at 349. And an institution must satisfy both standards in order to be entitled to a charitable tax exemption. Yet *Mich Baptist* and *Retirement Homes* seemingly preclude nearly any restrictive standard as to who can receive an institution's services while *Baruch* allows such restrictions so long as they are "reasonable." If a charity that satisfies *Baruch* is nonetheless to be precluded from an exemption by *Mich Baptist* and *Retirement Homes*, then *Baruch*, despite being the most recent of this Court's relevant decisions, would seem to have little practical effect in giving meaning to MCL 211.7o. This uncertain relationship between these decisions

suggests strongly the wisdom of giving further appellate consideration to the present dispute.

Petitioner, in my judgment, raises a substantial question as to whether, in light of *Baruch*'s rejection of an analysis substantially similar (if not identical) to this Court's analyses in *Mich Baptist* and *Retirement Homes*, these prior decisions can be maintained. The former stands for the proposition that "reasonable" standards can be applied in determining which members of the community a charitable institution purports to serve will actually be provided services, while the latter seemingly stands for the proposition that the process of applying such standards is, by itself, disqualifying as a "charitable institution." "[I]t is [this Court's] obligation to overrule or modify case law if it becomes obsolete, and until this Court takes such action, the Court of Appeals and all lower courts are bound by"-- and, in my judgment, will be confused by-- "that authority." *Associated Builders & Contractors v City of Lansing*, 499 Mich 177, 192-193 (2016) (quotation marks and citation omitted). I would grant leave to appeal to consider whether *Mich Baptist* and *Retirement Homes* should be reconsidered in light of *Baruch* or whether these cases somehow can be reconciled.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 10, 2019



Clerk

p0507